IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE PAUL HOWARTH, :
    Plaintiff :
    v. : Civil Action No. 05-12J
ZEPKA HARLEY DAVIDSON, INC., :
    Defendant :

Report and Recommendation

Orders and Recommendation

    Plaintiff filed a pro se complaint under 42 U.S.C.§ 1983, 42 U.S.C.§ 1985, and the Americans with Disabilities Act, 42 U.S.C.§ 12101, et seq., against defendant, a motorcycle dealership which is located at 960 Eisenhower Boulevard in Richland Township, Cambria County.  Pending is defendant's motion to dismiss, docket no. 5, plaintiff's motion for a jury trial, docket no. 3, plaintiff's motion for default judgment, docket no. 7, and plaintiff's motions for leave to proceed in forma pauperis, docket no. 10, docket no. 11.

    Plaintiff's motions for leave to proceed in forma pauperis, docket no. 10 and docket no. 11, are granted.  Plaintiff's motion for a jury trial, docket no. 3, is denied because the plaintiff's ADA claims are equitable in nature.  Plaintiff's motion for a default judgment, docket no. 7, is denied because a timely motion to dismiss had already been filed.

    Finally, defendant's motion to dismiss, docket no. 5, should be granted.

Report

    Plaintiff alleges that he is disabled and uses a wheelchair or crutches, and that defendant's parking lot is not ADA compliant.  Defendant moves to dismiss the complaint because it

argues that plaintiff's service of the complaint by mail is improper. Plaintiff makes no response to defendant's motion.

Defendant's argument that service on a domestic corporation can be made only by the sheriff misreads Pennsylvania law. Plaintiff's action is an action in equity, and Pa.R.Civ.P. 400(b)(1) would permit any competent adult to serve original process. More to the point, Fed.R.Civ.P. 4(c)(2) permits any competent nonparty adult to serve process. However, defendant's assertion that service is improper is correct for another reason. Fed.R.Civ.P. 4(h) permits service of a complaint on a corporation within this district by personal service on an officer or managing or general agent, by service on a statutory agent, or by a method sufficient under Rule 4(e)(1) for service on an individual defendant. Rule 4(e)(1) in turn permits service in this district by any method that would be valid under Pennsylvania law. The ordinary method of service on a corporation in Pennsylvania is by personal service under Pa.R.Civ.P. 424. <u>Richard Johnson Honeyshine Shoe Exp. Services v. U.S. Equity Realty, Inc.</u>, 125 F.Supp.2d 695, 699 (E.D.Pa.2000), <u>aff'd</u> <u>w/o</u> <u>op.</u> 275 F.3d 35 (3d Cir.2001). Pa.R.Civ.P. 403, which describes the method of service by mail, expressly is limited to cases where a separate rule "authorizes original process to be served by mail," most notably in Pa.R.Civ.P. 404, governing service outside Pennsylvania. Plaintiff cannot ordinarily serve a domestic corporation by mail under Pennsylvania law.

Since plaintiff has moved for and been granted <u>in forma pauperis</u> status, the remedy for the inadequacy of service is to have

the Marshal serve defendant.  However, the court has an independent duty to ensure that it has subject matter jurisdiction.  See Chong v. District Director, INS, 264 F.3d 378, 383 (3d Cir.2001).  Having examined the complaint I conclude that, as filed, the complaint gives plaintiff no standing to bring an ADA claim.

To state a legal claim, any plaintiff must show that he has suffered some particular injury separate and apart from the effect of a defendant's act or omission on society in general.  An injury, under Title III of the ADA, is "a real and immediate threat that a particular (illegal) barrier will cause future harm." Disabled Americans For Equal Access, Inc. v. Ferries Del Caribe, Inc., 405 F.3d 60, 64 (1st Cir.2005), quoting Dudley v. Hannaford Bros. Co., 333 F.3d 299, 305 (1st Cir.2003).  A person with a disability who is currently deterred from patronizing a public accommodation due to a failure to comply with the ADA, or who is threatened with being deterred in the future because of the noncompliance, suffers sufficient harm to confer standing.  Id., citing Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1138 (9th Cir.2002).  A person who does not allege a concrete prospect that he will be deterred in the future by some failure to comply with the ADA has no standing to attack the alleged noncomplying condition, just as a person with a disability who is deterred from patronizing one place of public accommodation by its alleged noncompliance with the ADA does not have standing to assert claims against a public accommodation suffering from the same alleged noncompliance but which he has not sought to visit.  See Clark v.

3

<u>McDonald's Corp.</u>   213 F.R.D. 198, 230 (D.N.J.2003).

Plaintiff does not allege that he runs a risk of future harm from the alleged noncompliance of the parking lot at 960 Eisenhower Boulevard. Before any complaint can be served, plaintiff must file a complaint adequate to state some redressable injury. Within the time period for filing objections, therefore, if plaintiff wishes to amend his complaint, he may do so. Otherwise the complaint will be dismissed.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have ten days to serve and file written objections to this Report and Recommendation.

DATE: 20 July 2005

Keith A. Pesto,
United States Magistrate Judge

cc:
Leslie Paul Howarth, Ph.D.
211 Bentwood Avenue
Johnstown, PA 15904-1333

Michael P. Routch, Esquire
401 Allegheny Street
Hollidaysburg, PA 16648